1 | PHILLIP A. TALBERT
Acting United States Attorney
2 | LAUREL J. MONTOYA
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 | Telephone: (559) 497-4000
Facsimile: (559) 497-4099

5

6 | Attorneys for Plaintiff
United States of America

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                CASE NO. 1:18-CR-00232-DAD-BAM

12 |                 Plaintiff,   STIPULATION REGARDING EXCLUDABLE
TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |         v.                              FINDINGS AND ORDER

14 | VANCE MYERS,                             DATE: November 10, 2021
TIME: 1:00 p.m.
15 |           Defendant.   COURT: Hon. Barbara A. McAuliffe

16

17 |     This case is set for status conference on November 10, 2021.  On May 13, 2020, this Court

18 | issued General Order 618, which suspends all jury trials in the Eastern District of California until further

19 | notice.  This General Order was entered to address public health concerns related to COVID-19.

20 | Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18

21 | U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

22 | judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

23 | May 1, 2020.[1]

24 |     Although the General Orders address the district-wide health concern, the Supreme Court has

25 | emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26 | openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27

28 |     [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on November 10, 2021.

2. By this stipulation, defendant now moves to continue the status conference until January 26, 2022, and to exclude time between November 10, 2021, and January 26, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes investigative reports and photographs. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Additionally, the parties have actively engaged in plea negotiations.

b) Prior to the beginning of the COVID-19 pandemic, the parties were in active plea negotiation discussions. In order to finalize plea negotiations, the parties anticipate needing the opportunity to meet and confer in-person. As a result of current state-wide social distancing policies resulting from the COVID-19 pandemic, the parties anticipate that more time will be needed in order to facilitate such a meeting and to ultimately finalize plea negotiations in this case.

c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 10, 2021 to January 26, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 3, 2021                         McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ LAUREL J. MONTOYA
                                                 LAUREL J. MONTOYA
                                                 Assistant United States Attorney


Dated:  November 3, 2021                         /s/ REED GRANTHAM
                                                 REED GRANTHAM
                                                 Counsel for Defendant
                                                 VANCE MYERS


## ORDER

IT IS SO ORDERED that the status conference is continued from November 10, 2021, to **January 26, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). <u>In any further request for a continuance, the parties shall explain when they will be ready to set a trial date.</u>

IT IS SO ORDERED.

Dated:   **November 3, 2021**              /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE